[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12774
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 27, 2011
JOHN LEY
CLERK

D.C. Docket No. 3:09-cv-00022-JTC

ROBERT L. CLARK,

Petitioner - Appellant,

versus

WARDEN HART,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 27, 2011)

Before EDMONDSON, FAY and BLACK, Circuit Judges.

PER CURIAM:

Robert Clark, a Georgia prisoner, appeals the district court's dismissal of his

pro se 28 U.S.C. § 2254 habeas corpus petition for failure to exhaust his state administrative remedies.  No reversible error has been shown; we affirm.

In dismissing Clark's section 2254 petition, the district court did not specify whether the dismissal was with or without prejudice.  We granted a certificate of appealability ("COA") on the following issue: "Whether the district court erred when it dismissed Clark's 28 U.S.C. § 2254 petition for failure to exhaust state remedies by not ordering that the § 2254 petition be dismissed without prejudice[.]"

In his opening brief on appeal, however, Clark does not address the issue set forth in the COA.  "While we read briefs filed by pro se litigants liberally, issues not briefed on appeal by a pro se litigant are deemed abandoned." Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).  Instead, Clark raised only issues that were outside the scope of the COA.[*]  Because our review is limited to those issues specified in the COA, we will not consider these arguments on appeal.  See Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998).

AFFIRMED.

---

[*] In his brief, Clark argues that the state's delay in processing his state habeas petition deprived him of the opportunity to examine a key witness and impaired his ability to defend himself if he is granted a new trial.  He also contends that he should be excused from the exhaustion requirement because the state habeas court's delay -- and the Georgia Supreme Court's failure to address all of the issues raised in his application for a certificate of probable cause -- rendered his state remedies inadequate.